NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Civil No. 07-5011 (AET) |
| Plaintiff, : | |
| : | **MEMORANDUM & ORDER** |
| v. : | |
| CHARLES J. ORLANDO, : | |
| Defendant. : | |

THOMPSON, U.S.D.J.

      This matter is before the Court on Plaintiff United States of America's Motion for Default Judgment, and Defendant Charles J. Orlando's Motion to Vacate Default Judgment. The Court has decided these Motions based upon the parties' submissions and without oral argument pursuant to Fed. R. Civ. P. 78. Further, Plaintiff has not opposed Defendant's Motion. For the reasons set forth below, Defendant's Motion is granted, and Plaintiff's Motion is denied.

BACKGROUND

      Defendant Charles Orlando is self-employed as an accountant. (Orlando Decl., ¶ 1.) In 1990, he became a Certified Public Accountant ("CPA"). (Id., ¶ 4.) As part of an effort to assist his father's business, which was experiencing difficulties, Defendant became mired in a series of debts and bad investments in the late 1980s and 1990s. (Id., ¶¶ 5-7.) Unable to pay his mortgage, his bank commenced foreclosure proceedings against him, and Defendant filed for bankruptcy in 1995. (Id., ¶ 7.) During this time, Defendant failed to renew his CPA license.

(Id., ¶ 8.) Shortly thereafter, the Hunterdon County Prosecutor's Office began a criminal investigation of Defendant on the ground that he was misrepresenting himself to be a CPA. During the investigation, the Prosecutor's Office seized Defendant's business records for the years 1987 through 1997. (Id., ¶¶ 9, 10.) Defendant was subsequently indicted for falsely advertising himself to be a CPA without a valid license. (Id., ¶ 9.)

Further, Defendant failed to file income tax returns from 1987 through 1997. (Id., ¶¶ 11, 12.) The Internal Revenue Service ("IRS") commenced an audit of Defendant, and asked him to prepare the delinquent tax returns so that it could assess, rather than estimate, how much taxes Defendant owed. Although Defendant was able to prepare and file his 1996 and 1997 income tax returns, he was unable to prepare the others because the Hunterdon County Prosecutor's Office retained possession of his business records. (Id.) Instead, the IRS subpoenaed Defendant's bank records, and estimated his income based on Defendant's deposits into his accounts during the relevant time period. (Id.) The IRS completed its assessment of the taxes owed by Defendant, which Defendant neither contested nor paid due to lack of funds. (Id., ¶¶ 14, 16.)

In November 2007, Plaintiff filed this action against Defendant to collect the overdue taxes owed to the IRS. Plaintiff served the Complaint on Defendant, who was not represented by counsel at the time. Unaware that he could still contest the IRS's assessment, Defendant did not answer the Complaint. (Id., ¶ 17.) In January 2008, Defendant received notice of Plaintiff's request for an entry of judgment, but did not receive notice of the entry of the default. Defendant subsequently hired counsel to represent him. (Id., ¶ 18.) On March 12, 2008, Plaintiff filed a Motion for Default Judgment. On March 14, 2008, Defendant filed a Motion to Vacate the Entry of Default.

DISCUSSION

A.   Standard of Review

Fed. R. Civ. P. 55(c) permits a court to vacate the entry of default for "good cause shown." <u>Feliciano v. Reliant Tooling Co., Ltd.</u>, 691 F.2d 653, 656 (3d Cir. 1982). In determining whether to set aside the entry of default, a court considers: (1) "[w]hether the plaintiff will be prejudiced;" (2) "[w]hether the defendant has a meritorious defense; and" (3) "[w]hether culpable conduct of the defendant led to the default." <u>Id.</u> Delay in judgment rarely is sufficient to find that the plaintiff will be prejudiced by vacation of the entry of default. <u>Id.</u> at 656-57. A defendant's conduct is culpable when he acts willfully or in bad faith. <u>Id.</u> at 657.

B.   Analysis

The Court finds that vacating the entry of default will not prejudice Plaintiff. There is nothing in the record to suggest that Plaintiff will be unable to pursue its claims against Defendant. Moreover, Plaintiff has not opposed Defendant's Motion. The Court further finds that Defendant has offered a meritorious defense, i.e., that the IRS estimates of his income from 1987 through 1995 are overstated because they are based on his bank records, which showed increases because he was receiving loans, rather than earning additional income. Defendant thus contends that he owes Plaintiff less than it alleges. Finally, while Defendant may have been negligent in failing to answer the Complaint or in retaining counsel in a timely manner, he did not appear to act in bad faith. Accordingly, having considered these factors, the Court will vacate the entry of default entered against Defendant.

CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 10th day of April, 2008,

ORDERED that Plaintiff United States of America's Motion for Default Judgment [6] is DENIED; and it is further

ORDERED that Defendant Charles J. Orlando's Motion to Vacate Default Judgment [7] is GRANTED; and it is further

ORDERED that Defendant answer the Complaint within ten (10) days of entry of this Order.

                                                                  s/ Anne E. Thompson
                                                                  ANNE E. THOMPSON, U.S.D.J.